# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA JEAN METZGER ) | 3:07-cv-00180-LRH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ALBERTO GONZALES, *et al.*, ) | |
| Defendants. ) | June 7, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. On May 23, 2007, the district court referred this action to the undersigned Magistrate Judge for screening (#5). The court has thoroughly reviewed the pleadings and recommends that plaintiff's complaint (#1) be dismissed with prejudice.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Pamela Jean Metzger, a *pro se* federal prisoner incarcerated in the Victorville Federal Correctional Institution Medium II ("FCI II") in Adelanto, California, filed this complaint on April 11, 2007 (#1). Plaintiff alleges that defendants have infringed her registered copyrighted and trademarked names, and requests a temporary restraining order, preliminary and permanent injunctions, and money damages. *Id*. Plaintiff names as defendants Alberto Gonzales, Attorney General of the United States; Harley Lappin, Director of the Federal Bureau of Prisons; and Tereser A. Banks, Warden of FCI II. *Id*. On April 27, 2007, plaintiff paid the $350.00 filing fee in full (#3).

///

///

## II. DISCUSSION & ANALYSIS

### A. Discussion

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), "[n]otwithstanding any filing fee... that may have been paid," a federal court must dismiss a prisoner's complaint prior to service if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America,* 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitled him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims are "frivolous," in that they lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Frivolous claims are those based on legal conclusions

that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on "fanciful factual allegations" (*e.g.* fantastic or delusional scenarios). *Id.*; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B. Analysis**

Plaintiff alleges that she is a foreign state pursuant to the Foreign Sovereign Immunities Act, and that her names, including "Pamela Jean Blodgett," "Pamela Jean Hickman," and "Pamela Jean Metzger," are "Copyrighted/Tradename/Trademarked, bonded and registered in the U.C.C. Division of the Secretary of State, State of California Sacramento, as Secured Party/Creditor/Trustee/Holder-In-Due-Course" (#1). Plaintiff contends that her name is registered for private use only, and that defendants have illegally placed a lien upon her name. *Id*. Plaintiff further alleges that because the government has no standing to place a claim upon her, this court had no jurisdiction to sentence plaintiff to prison.[1] Plaintiff claims that defendants have been publishing, selling and using plaintiff's "Exemption" on the "OI Discount Bond Market offerd [sic] by Lehman Brothers," which constitutes unfair trade practice and unfair competition. *Id*. Additionally, plaintiff contends that defendants have caused her irreparable harm by claiming ownership of plaintiff's name and using it to pay for her incarceration, "while earning a salary, pension funds, bonus' [sic], party's [sic], vacations, expenses." *Id*. Finally, plaintiff alleges that this court has conspired with defendants to "reap financial gain" by using plaintiff's name at the Treasury. *Id*.

Plaintiff seeks a temporary restraining order to remove her name from defendants' "daily

---

[1] Plaintiff is currently serving a criminal sentence at FCI II for aggravated identity theft and fraudulent use of unauthorized access devices. *See* 05-cr-00121-ECR (VPC).

head-count." *Id*. She further requests that defendants be enjoined from publishing or using her name on any government documents, and that defendants deliver all files and records at the Department of Justice, the FBI, the U.S. Postal Inspector, the Treasury, the Internet, BOP.gov, Pacer.com, and Interpol. *Id*. Finally, plaintiff seeks immediate release from custody to "mitigate the damages." *Id*.

Plaintiff's complaint is clearly frivolous. The plaintiff's factual allegations that defendants are trading her name on a bond market, have put a lien on her name, or that defendants are earning a salary, vacation time and benefits from the use of her name are "irrational and wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court is satisfied by merely reading plaintiff's complaint that her claims are "clearly baseless." *Id*. The court *sua sponte* dismisses plaintiff's complaint.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's complaint is frivolous because it includes "fantastic and delusional" allegations and that no amendment could remedy the complaint's defects.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal

pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint (#1) be **DISMISSED WITH PREJUDICE**.

**DATED:** June 7, 2007

*Valerie P. Cooke*
_____
**UNITED STATES MAGISTRATE JUDGE**